UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANNEX BOOKS, INC., NEW FLICKS, INC., LAFAYETTE VIDEO & NEWS, INC., KEYSTONE VIDEO & NEWSSTAND, INC, and SOUTHERN NIGHTS, INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CASE NO. 1:03-cv-00918-SEB-TAB |
| CITY OF INDIANAPOLIS, | ) ) | |
| Defendant. | ) | |

**SUPPLEMENTAL DISCOVERY ORDER**

On February 18, 2011, following a telephonic hearing, the Court issued an order granting in part and denying in part Defendant's motion to compel, and granting Defendant's request for an enlargement of the discovery deadline. [Docket No. 192.] On March 14, the Court conducted a supplemental telephonic discovery hearing to address Defendant's contention that Plaintiffs had misrepresented important discovery-related information in connection with the previous telephonic hearing and briefing relating to Defendant's motion to compel.

Defendant contended at the March 14 hearing that as a result of Plaintiffs' alleged misrepresentations Plaintiffs should be required to produce data maintained in software known as "Platinum." The Court previously denied Defendant's motion to compel this information to the extent Defendant was asking the Plaintiffs to incur the costs associated with such production. [Docket No. 192 at 3.] The Court expressly found, however, that production might be appropriate if Defendant were willing to incur these costs. The Court did not delve further into

this issue as it did not appear that the Defendant was willing to pay these costs. [*Id*.]

Defendant used the March 14 hearing as another attempt to obtain the Platinum software data.[1] Defendant relied upon purported misrepresentations Plaintiffs made about discovery documents Plaintiffs had in Cleveland but that Defendant never bothered to review. The crux of Defendant's argument rests upon the following statement in the Court's February 18 order on Defendant's motion to compel:

> Plaintiffs state in their brief, and represented at the hearing, that Plaintiffs have approximately 40 additional boxes of documents of daily receipts for each of the businesses for the years 2005-2008 available for Defendant's review and copying in Cleveland (where Plaintiffs' counsel's offices are located). Defendant does not dispute this representation. As of the date of the hearing, Defendant had not taken the opportunity to review these daily receipts.

[*Id.* at 2.]

As it turns out, there are 40 boxes or so awaiting Defendant's review in Cleveland. However, the documents for 2005-2008 are not in the same format as documents produced for the 2002-2004 time frame. Specifically, the 2002-2004 documents contain daily receipt tallies for each day's sales at each shift for each store, whereas the 2005-2008 documents are merely cash register tapes and credit card receipts. In other words, the earlier information is in a much more readily useable form than the later information. Defendant contended at the March 14 conference that Plaintiffs "hoodwinked" Defendant into believing the information was in the same format. With several depositions scheduled for later this week, having that information in a readily useable form is of great importance to Defendant.

---

[1]Defendant has appealed the February 18 order. The appeal brief discusses cost-shifting but again makes no suggestion that Defendant is willing to incur these costs. Likewise, Defendant did not express any willingness to incur these costs during the March 14 hearing. It is fair to presume—as the Court previously did—that Defendant wants this information only if the Plaintiffs will bear the costs of production.

Defendant's concern and interpretation of Plaintiff's representations are understandable. However, Defendant's predicament is largely of its own making. Defendant advised the Court during the March 14 conference that Defendant's counsel was leaving for Cleveland the next day and planned to utilize this potential trove of information for numerous depositions set for later in the week in Cleveland.[2] Defendant cannot blame anyone but itself for the delay in examining these documents. More expedient review of the documents Plaintiffs offered for production would have revealed much sooner that, in fact, Defendant and Plaintiffs were not on the same page with respect to the format of the documents awaiting Defendant's review. While Plaintiffs could have been more forthcoming about the format of these documents, the Court stops short of finding Plaintiffs made misrepresentations concerning these documents.

Moreover, the relief Defendant claims this situation warrants—requiring Plaintiffs to produce the Platinum software data—is misplaced. This is so for two reasons. First, the Court has never said that Defendant is not entitled to obtain through discovery the Platinum software data. However, Plaintiffs' submitted sworn testimony from their controller that producing the Platinum software would be unduly burdensome. As a result of that showing, pursuant to Federal Rule of Civil Procedure 26(b)(2)(B), Defendant must show good cause to justify the production, and the Court "may specify conditions for the recovery." The Court specified as a condition for the discovery that production might be appropriate if Defendant were willing to incur the related discovery costs. But Defendant has repeatedly shied away from agreeing to do so. As a result, the relief Defendant seeks by way of this supplemental discovery hearing is misplaced.

---

[2] As a result of the time-sensitive nature of this dispute, the Court expedited the hearing and disposition of this matter.

The second reason why the relief Defendant claims is misplaced relates to the information Defendant's expert witness relied upon to calculate Plaintiffs' $3 million damages claim. As the Court previously ruled, Defendant is entitled to any information Plaintiffs' expert witness relied upon in making his damages calculations. [Docket No. 192 at 5.] This would necessarily include any information relied upon in the Platinum software data. At the March 14 hearing, Plaintiffs contended that all information relied upon by their expert had been produced. It appeared to the Court, however, that Plaintiffs' expert relied upon certain shift data for 2005 that may not have been provided to Defendant. If so, this information—and any other information relied upon by Plaintiffs' expert, wherever this information is located—must be produced to the Defendant in advance of the depositions set for later this week. This is particularly so given that one of the individuals to be deposed is Plaintiffs' expert.

Finally, Defendant requested additional time to complete discovery. In its prior ruling on Defendant's motion to compel, the Court enlarged the discovery deadline to March 18. Defendant now seeks an additional 30 days of discovery beyond the date the Court sets for any additional discovery to be produced. As set forth above, the Court has not ordered additional discovery. But because it was not entirely clear that Plaintiffs produced all expert discovery as previously ordered, and because of the large amount of discovery Defendant needs to complete in such a short period of time, the Court enlarges the discovery deadline to April 1.

Dated: 3/15/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Lorraine R. Baumgardner
BERKMAN GORDON MURRAY & DEVAN
lbaumgardner@bgmdlaw.com

Paul Thomas Belch
LAW OFFICE OF ST. PAUL TRAVELERS
pbelch@stpaultravelers.com

Scott D. Bergthold
LAW OFFICE OF SCOTT D. BERGTHOLD PLLC
sbergthold@sdblawfirm.com

Stephen S. Duggins
LAW OFFICE OFSCOTT D. BERGTHOLD, PLLC
sduggins@sdblawfirm.com

Bryan A Dykes
LAW OFFICE OF SCOTT D. BERHTHOLD, PLLC
bdykes@sdblawfirm.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov

Richard Kammen
GILROY, KAMMEN & HILL
richard@kammenlaw.com

Richard G. McDermott
OFFICE OF CORPORATION COUNSEL
rmcdermo@indygov.org

J. Michael Murray
BERKMAN GORDON MURRAY & DEVAN
jmmurray@bgmdlaw.com

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org

Steven D. Shafron
BERKMAN GORDON MURRAY & DEVAN
sshafron@bgmdlaw.com