UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNEX BOOKS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CASE NO. 1:03-cv-00918-SEB-TAB |
| | ) |
| CITY OF INDIANAPOLIS, | ) |
| | ) |
| Defendant. | ) |

**ORDER FOLLOWING JUNE 14, 2011, DISCOVERY HEARING**

**I.    Introduction.**

The Court held a hearing on June 14, 2011, to address Defendant's supplemental motion to compel [Docket No. 197] and Plaintiffs' motion to compel and to preclude. [Docket No. 199.] The parties appeared by counsel and were given a full opportunity to be heard. The Court also invited the parties to submit proposed findings of fact and conclusions of law, which they did. [Docket Nos. 216, 217.] For the reasons below, Defendant's supplemental motion to compel is granted and Plaintiff's motion to compel or otherwise preclude is denied.

**II.    Defendant's Supplemental Motion to Compel.**

*A.    Findings of Fact*

1.    Plaintiffs are alleging lost profits in excess of $3 million based on Defendant's enforcement of its hours of operation regulation for adult bookstores.

2.    Defendant previously requested Plaintiffs' electronic bookkeeping data, but Plaintiffs resisted on the ground that production of such data would be too burdensome and that

various other financial records had been produced.

3. This Court previously denied Defendant's motion to compel production of Plaintiffs' electronic bookkeeping data based in significant part on representations by Plaintiffs regarding the availability or unavailability of various documents.

4. In particular, Plaintiffs previously produced various daily tally sheets (also called daily sales reports) to the Defendant for sales periods prior to 2005, but Plaintiffs represented to Defendant—and to this Court—that daily tally sheets were not prepared by the Plaintiffs after 2004.

5. Contrary to Plaintiffs' representation, the Plaintiffs' store managers later testified during depositions that the stores have continuously prepared daily tally sheets from at least 2003 through the present.

6. Plaintiffs' representation that daily tally sheets were not prepared after 2004 was false.

7. Nevertheless, Plaintiffs have not produced daily tally sheets—which show per-shift income—for most of the four and a half year damage period (which began in 2005) and have not provided any satisfactory explanation of where the daily tally sheets are or what happened to them.

8. Additionally, the financial documents which have been produced by Plaintiffs are inadequate to accurately assess damages since they contain various inconsistencies, as demonstrated by Defendant at the June 14, 2011, hearing.

9. Plaintiffs' controller, Leonard Smith, explained in part why there could be some inconsistencies in some of the financial documents that have been produced, but his explanation

was far from comprehensive or compelling, and failed to address many of the inconsistencies that Defendant demonstrated with examples from the documents already produced.

10. Plaintiffs' electronic bookkeeping data is stored and accessible on their Platinum server.

11. Plaintiffs' electronic bookkeeping data should naturally contain information highly pertinent to Plaintiffs' lost profit calculations.

12. Additionally, there appears to be a relationship between Plaintiffs and the copy service hired by Plaintiffs' counsel to photocopy (at the City's expense) the Plaintiffs' pre-2005 daily tally sheets, and the circumstances surrounding that relationship and previous production raise further concerns regarding Plaintiffs' willingness to produce the tally sheets.

*B. Conclusions of Law*

1. "Unless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).

2. Relevancy, for discovery purposes, is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

3. Admissibility at trial is not the standard for discovery; rather, the "rule permits discovery as to any unprivileged matter, even if inadmissible, as long as it is relevant or 'reasonably calculated to lead to the discovery of admissible evidence.'" *Natta v. Zletz*, 405 F.2d 99, 101 n.2 (7th Cir. 1968).

4. "Electronic documents are not less subject to disclosure than paper records."

3

*Zubulake v. USB Warburg LLC*, 217 F.R.D. 309, 317 (S.D.N.Y. 2003).

5. "This is true not only of electronic documents that are currently in use, but also of documents that may have been deleted and now reside only on backup disks." *Id*.

6. Fed. R. Civ. P. 34 "contemplates that when data is in an inaccessible form, the party responding to the request for documents must make the data available." *Crown Life Ins. Co. v. Craig*, 995 F.2d 1376, 1383 (7th Cir. 1993).

7. However, a court "may limit discovery if it determines that the burden of the discovery outweighs its likely benefit." *Wiginton v. CB Richard Ellis, Inc*., 229 F.R.D. 568, 571 (N.D. Ill. 2004).

8. Plaintiffs' electronic bookkeeping data is relevant to their lost profits claim since lost profits are a function of revenues and expenses. *McRoberts Software, Inc. V. Media 100, Inc.*, 329 F.3d 557, 569 (7th Cir. 2003).

9. Based on the findings above and under the circumstances of this case, the burden of producing Plaintiffs' electronic bookkeeping records does not outweigh the likely benefit of production. Accordingly, Plaintiffs are ordered to produce the electronic bookkeeping data requested by Defendant in a reasonably usable form.

10. The Court further observes that on July 7, 2011, Plaintiffs filed a notice of service of electronic bookkeeping records which indicated that electronic bookkeeping records were being served that day by an overnight delivery service. Defendant's counsel acknowledges receipt of four discs on July 8, 2011. But Defendant has not yet had sufficient opportunity to review this production to determine whether such production complies with the requirements of Fed. R. Civ. P. 26 and 34 and the orders of this Court. Defendant is ordered to advise the Court

within 14 business days of its position relative to this recent production.

**III.    Plaintiffs' Motion to Compel.**

   *A.    Findings of Fact*

   1.    Plaintiffs have moved to compel production of certain underlying raw data—namely large quantities of police reports or 911 reports—used by Defendant's expert witness, Dr. Richard McCleary, in certain studies he conducted for other cities in prior cases.

   2.    Specifically, Plaintiffs seek the raw data used in studies conducted by Dr. McCleary several years ago in Sioux City, Iowa, and Montrose, Illinois.

   3.    After conducting the Sioux City and Montrose studies, Dr. McCleary published peer reviewed articles that discussed those studies.

   4.    Dr. McCleary's expert witness report in the present case relies upon the published articles discussing the findings and conclusions of the Sioux City and Montrose studies. Defendant previously provided the published articles to Plaintiffs during discovery.

   5.    All of the substantive statements in the expert report concerning the Sioux City and Montrose studies are drawn from information in the published, peer reviewed articles. *See* Def.'s Exh. 15.

   6.    Plaintiffs complain that Dr. McCleary did not retain the underlying crime reports (many of which contain personal identifiers) that were involved in the Sioux City and Montrose studies, but this is not surprising since those studies were conducted many years ago in different cases in different cities. Moreover, many of the records considered by Dr. McCleary were not subject to retention since they consist of public records that are property of different government localities and could only be examined on site at the government locations.

*B.     Conclusions of Law*

1.      The discovery rules contemplate production of "the facts or data considered by [an expert] witness in forming" his or her opinion. Fed. R. Civ. P. 26(a)(2)(B)(ii).

2.      Dr. McCleary's expert report relies on the information and data contained in the published articles discussing the Sioux City and Montrose studies, and those articles have been provided to Plaintiffs. The underlying, raw data presently sought by Plaintiffs was compiled and used in completely separate cities, studies, and cases. Nothing required the Defendant's expert to retain that raw data, and he did not do so. Since the data was not retained, its production cannot be compelled, and since there was no duty to retain the data, the failure to retain the data cannot be the basis of any preclusion order. Plaintiffs still have the option to depose Defendant's expert witness and he is also subject to cross-examination at trial. Accordingly, Plaintiffs' motion to compel is denied.

**IV.    Conclusion.**

For the reasons set forth above, the Court orders Plaintiffs to produce the electronic bookkeeping data requested by the Defendant in a reasonably usable form. Defendant is ordered to advise the Court within 14 days from the date of this order its position relative to the recent production of four discs received on July 8, 2011, from the Plaintiffs. Lastly, Plaintiffs' motion to compel or preclude is denied.

Dated:  08/01/2011

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

Lorraine R. Baumgardner
BERKMAN GORDON MURRAY & DEVAN
lbaumgardner@bgmdlaw.com

Scott D. Bergthold
LAW OFFICE OF SCOTT D. BERGTHOLD PLLC
sbergthold@sdblawfirm.com

Stephen S. Duggins
LAW OFFICE OFSCOTT D. BERGTHOLD, PLLC
sduggins@sdblawfirm.com

Bryan A Dykes
LAW OFFICE OF SCOTT D. BERHTHOLD, PLLC
bdykes@sdblawfirm.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov

Richard Kammen
GILROY, KAMMEN & HILL
richard@kammenlaw.com

Richard G. McDermott
OFFICE OF CORPORATION COUNSEL
rmcdermo@indygov.org

J. Michael Murray
BERKMAN GORDON MURRAY & DEVAN
jmmurray@bgmdlaw.com

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org

Steven D. Shafron
BERKMAN GORDON MURRAY & DEVAN
sshafron@bgmdlaw.com