UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANNEX BOOKS, INC., et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) 1:03-cv-918-SEB-TAB |
| | ) |
| CITY OF INDIANAPOLIS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF THE MAGISTRATE JUDGE'S DECISION ON MOTION TO COMPEL**

This cause is before the Court on Defendant's Motion for Reconsideration of the Magistrate Judge's February 18, 2011 Order on Motion to Compel [Docket No. 193], filed on March 4, 2011. For the reasons detailed in this entry, we GRANT IN PART and DENY IN PART Defendant's Motion.

**I.      Electronic Bookkeeping Data**

In his February 18, 2011 Order, the Magistrate Judge denied Defendant's request for Plaintiffs' electronic bookkeeping records. Defendant subsequently filed the instant motion objecting to the Magistrate Judge's decision as well as a Supplemental Motion to Compel these documents. On July 7, 2011, before either of Defendant's motions was ruled upon, Plaintiffs served on Defendant delivery of four CDs containing their electronic bookkeeping records through December 31, 2010. However, on July 29, 2011,

Defendant notified the Court that these documents are not in readable form. Following a hearing on Defendant's Supplemental Motion to Compel, on August 1, 2011, in light of new evidence, the Magistrate Judge ordered Plaintiffs to disclose this information to Defendant in a readable form. On August 19, 2011, Plaintiffs filed a motion seeking an extension of time within which to respond to Defendant's assertion that the produced documents are unreadable. Because the Magistrate Judge is still addressing this issue with the parties, it is not ripe for our review at this time. Accordingly, we <u>DENY</u> Defendant's Motion as to this issue.

## II.     Tax Records

Plaintiffs are a part of a conglomerate of adult businesses, some of which are located outside of Indianapolis, that file a consolidated tax return. During discovery, Defendant requested Plaintiffs' tax records, including those that showed income and expenses of the parent company and other adult stores within the conglomerate. In his February 18, 2011 Order, the Magistrate Judge ordered Plaintiffs to produce those portions of the tax returns with material specific to Plaintiffs, but held that, in light of the sensitive nature of the documents and his determination that Defendant's explanation of their relevance was "mere speculation," Plaintiffs did not have to produce the portions of the tax returns which showed information from related entities within the conglomerate.

However, the inability to foresee the exact nature of the information that will be revealed in requested documents does not automatically render such documents outside the scope of permissible discovery. In order to assess the accuracy of Plaintiffs'

calculation of lost profits allegedly attributable to the ordinance at issue in this case, it will likely be relevant to compare Plaintiffs' revenue stream with other stores within Plaintiffs' conglomerate who were not subject to the Indianapolis ordinance during the same time period.  Accordingly, remaining mindful that relevancy, for discovery purposes, is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case," (Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)), we find that such information is reasonably calculated to lead to the discovery of admissible evidence, and thus, GRANT Defendant's motion.

In consideration of the well-founded concerns raised by both the parties and the Magistrate Judge regarding the sensitivity of the information, Defendant has informed the Court that it would readily agree to a protective order to address those concerns.  We agree that this information should be protected, and thus, the parties are HEREBY ORDERED to meet and confer no later than Tuesday, September 6, 2011, in an attempt to reach an agreed protective order regarding these materials and if despite the good faith of all counsel an agreement eludes their voluntary efforts, notice shall be provided to the Court forthwith so an appropriate resolution of the parties' disagreement can be crafted.

### III.	Inventory Data

Defendant finally objects to the Magistrate Judge's refusal to order production of all "inventory lists, spreadsheets reflecting inventory, and other documents listing or otherwise recording inventory owned or possessed by Plaintiffs at any time during 2000

through the present." We agree with the Magistrate Judge's determination that this request, reaching back approximately ten years, is overly broad. However, this does not mean that the request for production must be denied in its entirety. Because choices regarding inventory are both the basis for Plaintiffs' classification as an adult bookstore under the ordinance and have an impact on profit margins, we find the types of documents requested by Defendant (albeit from a narrower time period) are likely to lead to the discovery of relevant and admissible evidence related to Plaintiffs' loss of profits. Thus, Plaintiffs are hereby ordered to produce the requested documents for the three-year time period directly prior to the filing of the instant lawsuit, to wit, from June 2000 through June 2003, or to the period during which Plaintiffs intend to seek an award of damages against Defendant, whichever is longer.

      IT IS SO ORDERED.

Date: _____08/26/2011_____      _____*Sarah Evans Barker*_____
                                                                                        SARAH EVANS BARKER, JUDGE
                                                                                         United States District Court
                                                                                         Southern District of Indiana

Copies to:

Lorraine R. Baumgardner
BERKMAN GORDON MURRAY & DEVAN
lbaumgardner@bgmdlaw.com

Scott D. Bergthold
LAW OFFICE OF SCOTT D. BERGTHOLD PLLC
sbergthold@sdblawfirm.com

Stephen S. Duggins
LAW OFFICE OFSCOTT D. BERGTHOLD, PLLC
sduggins@sdblawfirm.com

Bryan A Dykes
LAW OFFICE OF SCOTT D. BERHTHOLD, PLLC
bdykes@sdblawfirm.com

Jennifer Lynn Haley
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jhaley@indy.gov

Richard Kammen
GILROY, KAMMEN & HILL
richard@kammenlaw.com

Richard G. McDermott
OFFICE OF CORPORATION COUNSEL
rmcdermo@indygov.org

J. Michael Murray
BERKMAN GORDON MURRAY & DEVAN
jmmurray@bgmdlaw.com

Justin F. Roebel
CITY OF INDIANAPOLIS, OFFICE OF CORPORATION COUNSEL
jroebel@indygov.org

Steven D. Shafron
BERKMAN GORDON MURRAY & DEVAN
sshafron@bgmdlaw.com